1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 EUGENE WINTERS, | Case No.  1:20-cv-00647-BAM (PC) |
| 12                  Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO |
| 13         v. | ACTION |
| 14 SHERMAN, *et al.*, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITHOUT PREJUDICE, |
| 15                  Defendants. | FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE |
| 16 | |
| 17 | (ECF No. 9) |
| | **FOURTEEN (14) DAY DEADLINE** |
| 18 | |

19 **I.      Background**

20      Plaintiff Eugene Winters ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

21 *pauperis* in this civil rights action under 42 U.S.C. § 1983.  This matter was referred to a United

22 States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

23      On August 13, 2020, the Court screened the complaint and found that Plaintiff stated a

24 cognizable claim for unconstitutional conditions of confinement in violation of the Eighth

25 Amendment against Defendants Sherman and Milan, but failed to state any other cognizable

26 claims for relief.  (ECF No. 9.)  The Court ordered Plaintiff to file a first amended complaint or to

27 notify the Court in writing that he does not wish to file a first amended complaint and is willing to

28 proceed only on the cognizable claims identified.  (Id. at 10.)  The Court expressly warned

1

1   Plaintiff that his failure to comply with the Court's order would result in dismissal of this action,

2   without prejudice, for failure to obey a court order and for failure to prosecute.  (Id.)  The

3   deadline for Plaintiff to file an amended complaint or a notice of his willingness to proceed on the

4   cognizable claims identified has expired, and Plaintiff has failed to respond to the Court's order.

5   **II.      Failure to Prosecute and Failure to Obey a Court Order**

6           **A.      Legal Standard**

7           Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

8   any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

9   within the inherent power of the Court."  District courts have the inherent power to control their

10  dockets and "[i]n the exercise of that power they may impose sanctions including, where

11  appropriate, . . . dismissal."  Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A

12  court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

13  failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46

14  F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet,

15  963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

16  amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987)

17  (dismissal for failure to comply with court order).

18          In determining whether to dismiss an action, the Court must consider several factors:

19  (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

20  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

21  cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779

22  F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

23          **B.      Discussion**

24          Here, Plaintiff's amended complaint or notice of willingness to proceed on cognizable

25  claims is overdue, and he has failed to comply with the Court's order.  The Court cannot

26  effectively manage its docket if Plaintiff ceases litigating his case.  Thus, the Court finds that both

27  the first and second factors weigh in favor of dismissal.

28  ///

2

1    The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a

2  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

3  Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against

4  dismissal because public policy favors disposition on the merits.  Pagtalunan v. Galaza, 291 F.3d

5  639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose

6  responsibility it is to move a case toward disposition on the merits but whose conduct impedes

7  progress in that direction," which is the case here.  In re Phenylpropanolamine (PPA) Products

8  Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

9    Finally, the Court's warning to a party that failure to obey the court's order will result in

10  dismissal satisfies the "considerations of the alternatives" requirement.  Ferdik, 963 F.2d at 1262;

11  Malone, 833 at 132–33; Henderson, 779 F.2d at 1424.  The Court's August 13, 2020 order

12  expressly warned Plaintiff that his failure to comply would result in a recommendation of

13  dismissal of this action.  (ECF No. 9, p. 10.)  Thus, Plaintiff had adequate warning that dismissal

14  could result from his noncompliance.

15    Additionally, at this stage in the proceedings there is little available to the Court that

16  would constitute a satisfactory lesser sanction while protecting the Court from further

17  unnecessary expenditure of its scarce resources.  Plaintiff is proceeding *in forma pauperis* in this

18  action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is

19  likely to have no effect given that Plaintiff has ceased litigating his case.

20  **III.    Conclusion and Recommendation**

21    Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a

22  district judge to this action.

23    Further, the Court finds that dismissal is the appropriate sanction and HEREBY

24  RECOMMENDS that this action be dismissed, without prejudice, for failure to obey a Court

25  order and for Plaintiff's failure to prosecute this action.

26    These Findings and Recommendation will be submitted to the United States District Judge

27  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

28  **(14) days** after being served with these Findings and Recommendation, Plaintiff may file written

3

objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 25, 2020**                    /s/ *Barbara A. McAuliffe*   _
                                              UNITED STATES MAGISTRATE JUDGE